```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

WARREN O'CONNELL,                )
                                 )  Civil Action
            Petitioner           )  No. 04-CV-1485
                                 )
      vs.                        )
                                 )
GEORGE PATRICK,[1] Superintendent; )
LYNNE ABRAHAM, District Attorney )
  of the County of Philadelphia; )
  and                            )
GERALD PAPPERT, Attorney         )
  General of the State of        )
  Pennsylvania,                  )
                                 )
            Respondents          )

O R D E R

NOW, this 14th day of August, 2007, upon consideration of the following documents and pleadings:

    1)    pro se Petition for Writ of Habeas Corpus, filed by petitioner in the United States District Court for the Eastern District of Pennsylvania on April 1, 2004[2];

---

[1] Petitioner Warren O'Connell filed his pro se petition for Writ of Habeas Corpus while incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania. He properly named George Patrick, the Superintendent of the institution, as the respondent. Petitioner was subsequently transferred to the Fayette State Correctional Institution at LaBelle, Pennsylvania. Accordingly, Magistrate Judge Hart has replaced Mr. Patrick with Harry Wilson, Superintendent of the Fayette State Correctional Institution, as the respondent in this matter. Nevertheless, the real parties in interest in this action remain the same as before the substitution of respondent Patrick, and the substitution has had no effect upon the merits or disposition of this petition.

[2] Petitioner improperly commenced this pro se action on April 1, 2004 by failing to file his habeas corpus petition on the proper forms. By Order of United States Senior District Judge Robert F. Kelly dated April 23, 2004, petitioner was given a blank copy of the current form for filing pursuant to 28 U.S.C. § 2254. Petitioner properly filed his revised pro se habeas petition on May 7, 2004. Accordingly, I need only consider the latter petition because the first petition is rendered moot by the filing of the amended petition on May 7, 2004.

    2)    pro se Petition for Writ of Habeas Corpus (on corrected forms) filed by petitioner on May 7, 2004;

    3)    Response in Opposition to Petition for Writ of Habeas Corpus, which response was filed by respondents on September 30, 2004;

    4)    Report and Recommendation of United States Magistrate Judge Jacob P. Hart filed January 21, 2005;

    5)    Petitioner's Objection to the Report and Recommendation, which objection was filed February 2, 2005;

    6)    Respondents' Response to Petition for Writ of Habeas Corpus, which response was filed December 20, 2006;

    7)    Supplemental Report and Recommendation of United States Magistrate Judge Jacob P. Hart filed January 18, 2007; and

    8)    Written Objections to the Supplemental Report and Recommendation filed by petitioner on January 26, 2007[3];

it appearing that petitioner's petition for habeas corpus is without merit; it further appearing that, after de novo review of this matter, Magistrate Judge Hart's Supplemental Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,[4]

---

[3]    Three of petitioner's four objections are a restatement of issues raised in his petition for habeas corpus relief.  One objection, however, was not raised in his petition.  That objection alleges a violation of Federal Rule of Appellate Procedure 23.  It is the first time petitioner has sought relief on this basis.

[4]    The petition for habeas corpus was initially filed while petitioner's state court claims were unexhausted.  Therefore, Magistrate Judge Hart's January 21, 2005 Report and Recommendation recommended that

(Footnote 4 continued):

IT IS ORDERED that the Supplemental Report and Recommendation of United States Magistrate Judge Jacob P. Hart is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections to the Supplemental Report and Recommendation are overruled.[5]

---

(Continuation of footnote 4):

April 1, 2004 petition be dismissed.  Subsequently, petitioner's direct appeals in state court were completed.  Therefore, the district court did not act on the Report and Recommendation.  Accordingly, the petition for habeas corpus relief was recommitted to Magistrate Judge Hart by my June 16, 2006 Order.

Magistrate Judge Hart's initial Report and Recommendation concerns a state remedy exhaustion issue that became moot after petitioner's state court claims concluded.  Therefore, I will consider Magistrate Judge Hart's Supplemental Report and Recommendation as the pertinent response to petitioner's claims.

[5]   When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania 7.2(IV)(b).  Furthermore, district judges have wide discretion in determining how to treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

As noted above, I conclude that three of petitioner's four objections to Magistrate Judge Hart's Supplemental Report and Recommendation are nothing more than a restatement of certain claims contained in his underlying petition for habeas corpus.  Specifically, these objections concern petitioner's claims that he was denied the benefit of a plea bargain, received ineffective assistance of counsel, and was subjected to the jurisdiction of the state court before federal jurisdiction had been relinquished.  Upon review of the Supplemental Report and Recommendation, together with de novo review of these three matters, I conclude that the Supplemental Report and Recommendation correctly determined the legal issues raised by petitioner.

(Continuation of footnote 5):

<u>IT IS FURTHER ORDERED</u> that the pro se petition for habeas corpus relief filed May 7, 2007 is denied without a hearing, and dismissed.

<u>IT IS FURTHER ORDERED</u> that the pro se petition for habeas corpus relief filed April 1, 2004 is dismissed as moot.

<u>IT IS FURTHER ORDERED</u> that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

---

(<u>Footnote 5 continued</u>):

        Petitioner's other objection avers that since filing his petition for habeas corpus, he has been transferred to multiple prison facilities without this court's permission in violation of Federal Rule of Appellate Procedure 23(a). This issue was not presented to Magistrate Judge Hart in Petitioner O'Connell's habeas petition. According to E.D.Pa.R.Civ.P. 72.1(IV)(c), all new issues are to be addressed to the United States Magistrate Judge unless justice requires otherwise. I note that the majority of courts in this district treat claims raised anew in objections to a magistrate judge's report and recommendation as waived. <u>See</u> <u>Ramos v. Kyler</u>, No. Civ.A. 03-2051, 2004 WL 828363, at *4 (E.D.Pa. April 12, 2004)(Yohn, J.). Regardless, I find this objection to be without merit.

        Appellate Rule 23 only applies to prisoner transfers which occur after a district court's decision has been issued and while appellate review is pending. <u>Hairston v. Nash</u>, 165 Fed.Appx. 233, 235 (3d Cir. 2006). This matter is not currently pending before the United States Court of Appeals for the Third Circuit, nor was it at the time of the alleged transfers. The purpose of Rule 23(a) is to prevent officials from removing an inmate from the territorial jurisdiction of the court in which his or her habeas petition is pending. <u>Hairston</u>, <u>supra</u>. (citing <u>Hammer v. Meachum</u>, 691 F.2d 958, 961 (10th Cir. 1982)).

        Although it appears that petitioner has been transferred between multiple prison facilities, he has not been moved outside the territorial jurisdiction of this court. Moreover, petitioner has consistently communicated his changes of address to this court and has apparently received all pertinent filings related to this proceeding. It does not appear that petitioner's transfers were made in an attempt to subvert the prosecution of his petition for habeas corpus relief. Thus, this objection is overruled.

        Accordingly, I approve and adopt Magistrate Judge Hart's Supplemental Report and Recommendation and overrule petitioner's objections.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge